ROSENZWEIG v. KITT.

(Supreme Court, Appellate Term. March 5, 1908.)

EXCHANGE OF PROPERTY—CONSTRUCTION OF CONTRACT—WARRANTY—"ALL PER-
    SONAL PROPERTY BELONGING TO THE PARTIES."

    Where a contract for exchange of real property contains a clause pro-
    viding that chandeliers, gas fixtures, ranges, and "all personal property
    belonging to the parties" on the premises are included in the mutual war-
    ranty of title, the words quoted being written in a blank in the printed
    form, the written words must be construed as relating only to chattels
    not specifically enumerated, and the warranty is broken if title to the
    enumerated chattels fails.

Appeal from Municipal Court, Borough of Manhattan, Seventh
District.

Action by Carrie Rosenzweig against George Kitt. From a judg-
ment for defendant, plaintiff appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and
MacLEAN, JJ.

Sternberg & Jacobson, for appellant.
Morris Cooper, for respondent.

BISCHOFF, J. The contract between the parties for the exchange
of real estate contained the clause:

    "The chandeliers, gas fixtures, ranges, heating and hot water apparatus,
water-closets, bathtubs, and other plumbing, and all personal property be-
longing to the parties now on said premises are to be included in the sale
and in the warranty above set forth."

The words "and all personal property belonging to the parties"
were written in a blank space provided, the other words being part
of the printed form; and the question presented by the plaintiff's ac-
tion for the value of two ranges, title to which was, as it developed,
not in the defendant, turns upon the meaning to be given to these
written words. As we read the contract, the intention of the parties
was that title to the enumerated chattels was warranted; otherwise,
the clause would be made to contain words of apparently solemn
import, but with absolutely no meaning. The "warranty" which was
to cover these chattels was a warranty of title, and nothing else, as
appears from the preceding provisions of the contract; yet, if the
written words are to characterize the whole clause, the parties only
warranted title to specified things upon the condition that they had
title. Such a construction leads to some absurdity, and the reason-
able meaning of the clause, giving effect to all of its provisions, is,
as we take it, that the words "all personal property belonging to the
parties" related to chattels not directly classified, and as to the own-
ership of which there might be some question of doubt. It may be
observed that the clause was for a mutual warranty and that the
language was chosen by both parties. The words were written in
upon a space left apparently for the addition of further property;
and, since harmony of meaning is reached only by a construction

of the contract which limits these words to this purpose, such must properly be taken to have been the intention of the parties.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.